IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 3:24-cr-0064 |
| v. | ) | |
| | ) | Judge Richardson |
| CAMILO CAMPOS-HURTADO | ) | |
|   a/k/a "Camilo Campos" | ) | |
|   a/k/a "Arturo Lopez" | ) | |
|   a/k/a "Hurtado Camilo Campos" | ) | |

## UNOPPOSED MOTION FOR PROTECTIVE ORDER FOR MATERIALS CONTAINING INFORMATION ABOUT ADULT AND MINOR VICTIMS OR WITNESSES

The United States of America, by and through Thomas J. Jaworski, Acting United States Attorney, and Monica R. Morrison and Kathryn D. Risinger, Assistant United States Attorneys, and hereby moves the Court for an order protecting the distribution of personally identifying information, medical information, and other sensitive information of the adult and minor victims and witnesses in this criminal case pursuant to 18 U.S.C. §§ 3509(d)(3), 3771(a)(1), and 3771(a)(8).

In support of its motion, the United States alleges and states the following:

1. The Defendant is currently charged with four counts of sexual exploitation of a minor, in violation of 18 U.S.C. § 2251(a); one count of receipt of visual depictions of minors engaged in sexually explicit conduct, in violation of 18 U.S.C. §§ 2252(a)(2) and (b); one count of use or possession of fraudulent immigration documents, in violation of 18 U.S.C. § 1546(e); and one count of possessing an identification document or authentication feature which was stolen or produced without lawful authority, in violation of 18 U.S.C. § 1028(a)(6).

2. The United States is in possession of reports from the Franklin Police Department ("FPD"), Homeland Security Investigations ("HSI"), and other documentation related to the adult and minor victims and witnesses gathered as part of FPD and HSI's investigations into the allegations in this case and the Defendant's sexual exploitation of minor and adult victims.

3. Title 18, United States Code, Section 3509(d)(3) states that "[o]n motion by any person the court may issue an order protecting a child from public disclosure of the name of or any other information concerning a child in the course of proceedings, if the court determines that there is a significant possibility that such disclosure would be detrimental to the child." There is a significant possibility the minor victims, as well as additional witnesses, could suffer harm if the Defendant was able to retain or disseminate information from these materials to third parties.

4. Title 18, United States Code, Section 3771(a)(1) provides a crime victim the right to be reasonably protected from the accused. Title 18, United States Code, Section 3771(a)(8) provides a crime victim the right to be treated with fairness and with respect for the victim's dignity and privacy.

5. The FPD and HSI reports of investigation, law enforcement reports, forensic interview(s) and report(s) describing the forensic interview(s), recordings of statements made by the adult and minor victims and witnesses, and other documentation gathered as part of FPD and HSI's investigation as it relates to the minor victims and witnesses are governed by 18 U.S.C. § 3509(d)(1)(A)(i), which states that all employees of the Government, employees of the Court, and the defendant and his legal defense team shall "keep all documents that disclose the name or any other information concerning

a child in a secure place to which no person who does not have reason to know their contents has access." In addition, all employees of the Government, employees of the Court, and the defendant and his legal defense team, shall disclose documents that contain the name of information concerning a child "only to persons, who by reason of their participation in the proceeding, have reason to know such information." 18 U.S.C. § 3509(d)(1)(A)(ii).

6. The United States is cognizant of its duty to protect the identifying information of the adult and minor victims and witnesses. Unrestricted dissemination of this information could expose these individuals to violations of their privacy rights or similar harms, as well as threats or intimidation.

7. Therefore, the United States respectfully requests that this Court enter a Protective Order requiring that the Defendant's attorney of record, investigators, paralegals, law clerks, experts, and assistants for the attorneys of record (hereinafter collectively referred to as members of the defense team) not duplicate or provide copies of these materials that contain the identifying information, medical, and other sensitive information of the adult and minor victims and witnesses to the Defendant and other persons. However, the attorney of record or members of the defense team may display and review these discovery materials with the Defendant.

8. The United States requests that this order remain in place throughout the pendency of any litigation, including any appeals or a motion pursuant to 28 U.S.C. § 2255.

9. Any discovery materials provided pursuant to this Order shall be returned to the United States Attorney's Office, including all copies, if in physical form, within ten days of the completion of the case before the Court or, if an appeal is taken, within ten days of

3

the completion of the case in the United States Court of Appeals for the Sixth Circuit or Supreme Court of the United States. Any discovery material provided pursuant to this Order that is in digital form shall be deleted on the same time frame.

10. If the Defendant violates any term or condition of this Order, the United States reserves its right to seek a sentencing enhancement for obstruction of justice, or to file any criminal charges relating to the Defendant's violation.

11. Prior to the filing of this motion, the undersigned counsel contacted Tom Williams, counsel of record for the Defendant, regarding his position on the motion. Counsel for the Defendant is unopposed to the entry of the Agreed Protective Order.

12. A copy of the proposed Agreed Protective Order is attached.

Respectfully submitted,

THOMAS J. JAWORSKI
Acting United States Attorney for the
Middle District of Tennessee

/s/ *Monica R. Morrison*
MONICA R. MORRISON
KATHRYN RISINGER
Assistant United States Attorneys
719 Church Street, Suite 3300
Nashville, Tennessee 37203
Telephone: 615/736-5151

CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of December 2024, I electronically filed the foregoing with the clerk of the Court by using the CM/ECF system, which will send a Notice of Electronic Filing to counsel of record.

/s/ *Monica R. Morrison*
Monica R. Morrison
